## STEPHAN et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13824.

United States Court of Appeals Fifth Circuit.

June 24, 1952.

Jesse H. Oppenheimer, San Antonio, Tex., for petitioners.

Howard P. Locke, Ellis N. Slack, A. F. Prescott, Richard D. Harrison, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

On petition for review of a decision of the Tax Court reported as 16 T.C. 1157, a single question is presented for decision, viz.:

Whether the addition of the full 10% penalty provided by Section 294(d) (1) (B) of the Internal Revenue Code [1] for the failure to pay the estimated tax was prevented by the filing of the final return two months after the estimated declaration.

Carl Stephan and Evelyn Stephan, husband and wife, were taxpayers who made their returns on a fiscal year running from September 1, 1944 to August 31, 1945. On or about November 15, 1944, they filed a joint declaration of estimated tax showing no tax to be estimated. On or about September 15, 1945, they filed a joint amended estimate showing an estimated tax of $70,-000.00. On or about November 15, 1945, they filed individual returns showing a total tax from both of them in the sum of $86,939.10. No payments were made on the amended estimate filed on or about September 15, 1945 nor on the final returns filed on or about November 15, 1945, until March 13, 1946. On that date the taxpayers paid the sum of $10,000.00 and thereafter in monthly installments, the last installment being paid September 16, 1946, they paid the remainder of the total taxes of $86,-939.10.

Since the taxpayers failed to pay the estimated tax, the Commissioner added a 5% penalty and an additional 1% each month thereafter until the maximum penalty of 10%, amounting to a total of $7,-000.00, had been reached. The taxpayers filed the petitions with the Tax Court for a redetermination of the resulting deficiency asserting that the 1% monthly additions to the tax, as provided by Section 294(d) (1) (B) for the failure to pay installments of estimated tax declared, were discontinued by the filing of the final income tax return.

Section 294(d) (1) (B) must be construed in connection with other parts of said Section 294, particularly Section 294 (a) (1). For convenience, these two subsections of Section 294 are set out in the margin.[2]

[1]. 26 U.S.C.A. § 294(d) (1) (B).

[2]. "294. Additions to the tax in case of nonpayment
 "(a) Tax shown on return
 "(1) General rule. Where the amount determined by the taxpayer as the tax imposed by this chapter, or any installment thereof, or any part of such amount or installment, is not paid on or before the date prescribed for its payment, there shall be collected as a part of the tax, interest upon such unpaid amount at the rate of 6 per centum per annum from the

date prescribed for its payment until it is paid.
 \* \* \* \* \*
 "(d) Estimated tax
 "(1) Failure to file declaration or pay installment of estimated tax
 \* \* \* \* \*
 "(B) Failure to pay installments of estimated tax declared.
 Where a declaration of estimated tax has been made and filed within the time prescribed, or where a declaration of estimated tax has been made and filed

■■ Section 294(d) (1) (B), like other penal statutes, is to be interpreted liberally in favor of the taxpayer and strictly against the Government. See 50 Am.Jur., Statutes, Section 407, et seq. We can see no reason why the word "unpaid" as used in subparagraph (B) should be given any different construction than the words "due but unpaid" used throughout the preceding subparagraph A and also in the final sentence of subparagraph (B). To say that an installment of the estimated tax remains unpaid presupposes a continuing duty to pay such installment. The declaration of estimated tax had served its function when the final return was filed. There was then no longer any uncertainty, and the tax should thereafter be paid on the basis of the final return rather than as estimated. It follows that installments of the estimated tax were then no longer due.

■ Statutes should be so construed as to be applicable under all conditions and factual situations. As an illustration of their position that the final tax replaces and nullifies any effect of the estimated tax, the taxpayers present a hypothetical situation in which the final return would show no tax due and argue that it would then be patently unreasonable for the Commissioner to continue to add monthly penalties of 1% of the estimated tax.[3] We think the taxpayers' position is sound and that the penalty for failure to pay installments of estimated tax declared did not continue to increase monthly after the filing of the final return. The decision of the Tax Court is therefore

Reversed.

after the time prescribed and the Commissioner has found that failure to make and file such declaration within the time prescribed was due to reasonable cause and not to willful neglect, in the case of a failure to pay an installment of the estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of the unpaid amount of such installment, and in addition 1 per centum of such unpaid amount for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment."

3. The taxpayer concedes, properly it seems to us, that under the decision in Manning v. Seeley Tube and Box Company, 338 U.S. 561, 565, 566, 70 S.Ct. 386, 94 L.Ed. 346, the penalty accrued up to the time of the filing of the final return remains payable whether the final return shows any tax payable or not.