H. R. SMITH AND MARY ILO SMITH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JUANITA ALLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HUGO ALLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 30980, 30981, 30982. Promulgated June 25, 1953.

*Robert Ash, Esq.,* for the petitioners.
*Frank C. Allen, Esq.,* for the respondent.

664

OPINION.

JOHNSON, *Judge:* The broad question presented for decision is whether the penalties imposed under the provisions of section 294 (d) (2) for underestimations of estimated tax were properly determined. The applicable statutory provision, to the extent material, reads as follows:

SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.
(d) ESTIMATED TAX.—

* * * * * * *

(2) SUBSTANTIAL UNDERESTIMATE OF ESTIMATED TAX.—If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals other than farmers * * *, exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. This paragraph shall not apply to the taxable year in which falls the death of the taxpayer, nor, under regulations prescribed by the Commissioner with the approval of the Secretary, * * * to the taxable year in which the taxpayer makes a timely payment of estimated tax within or before each quarter * * * of such year * * * in an amount at least as great as though computed (under such regulations) on the basis of the taxpayer's status with respect to the personal exemption and credit for dependents on the date of the filing of the declaration for such taxable year * * * but otherwise on the basis of the facts shown on his return for the preceding taxable year. * * *

The pertinent part of the regulations provides as follows:

The addition to the tax for substantial underestimate of the estimated tax shall not apply to the taxable year in which the taxpayer makes a timely payment of estimated tax within or before each quarter of such year in an amount at least as great as though such estimated tax were computed under the law applicable to the taxable year on the basis of the taxpayer's status with respect to the personal exemption and credit for dependents on the date of filing the declaration, and on the basis of the tax withheld, and reasonably expected on the date of the filing of the declaration to be withheld, on wages received during the calendar year ending with or within the taxable year, but otherwise as though such estimated tax were computed on the basis of the net income and the surtax net income shown on the taxpayer's return for the preceding taxable year, adjusted to conform to the law applicable to the taxable year. * * * [Regulations 111, section 29.294–1 (*b*) (3)].

The facts relating to declarations filed and tax payments, briefly stated, are these:

| | H. R. Smith | Payment | Hugo and Juanita Allen (Each) | Payment |
|---|---|---|---|---|
| Net income 1945 | $140,184.78 | | $16,399.75 | |
| Tax | 79,865.73 | | 5,144.87 | |
| Declaration 3/15/46 | 3,121.60 | | Zero | |
| Amended declaration 6/15/46 | 60,046.60 | $18,975.00 | 7,500.00 | $2,500.00 |
| Amended declaration 9/15/46 | None | 18,975.00 | None | 2,500.00 |
| Amended declaration 12/15/46 | None | None | None | None |
| Amended declaration 1/15/47 | 80,000.00 | 38,928.40 | None | 2,500.00 |
| Return 3/15/47 | 442,627.03 | 364,278.38 | 12,731.98 | 5,231.98 |
| Withholding | | 1,470.25 | | |

During May and July 1946, H. R. Smith and Hugo Allen had long-term capital gains in the following approximate amounts:

| | H. R. Smith | Hugo Allen |
|---|---|---|
| May | $232,000 | $106,000 |
| July | 1,487,000 | 61,000 |

It is evident that there was no compliance by the petitioners with the terms of the statute and regulations. There were no timely quarterly payments during the taxable year of amounts of at least as much as the tax liability for the preceding taxable year. None of the taxpayers paid any amount on March 15 or December 15 and no amended declarations were filed to reflect tax liability for the capital gains realized in large amounts in July. The respondent concedes that the failure to meet the conditions of the statute could have been cured without liability for the penalties if the petitioners had filed returns on or before January 15, 1947, and paid the balance of the amount of tax shown to be due therein. See section 58 (d) (3) of the Code.

Petitioners argue that under the facts of the cases it would be "unconscionable to approve" the penalties. The premise for their contention is that it would be logical to interpret the governing statute as not applicable upon a showing by the taxpayer of reasonable cause for failure to come within its express terms. To so construe the provision would, in our opinion, amount to judicial legislation.

Section 5 of the Current Tax Payment Act of 1943 amended section 294 (a) of the Code to provide for penalties upon failure to file a declaration of estimated tax and pay an installment thereof, and for underestimations by more than 20 per cent of estimated tax. The provisions contained no exceptions except that the penalty for underestimations was not to "apply to the taxable year in which falls the death of the taxpayer."

Statements appearing in reports of committees of Congress disclose that the addition to tax for underestimations was considered a reasonable sanction to insure payment during the year of an amount closely approximating actual tax liability in view of the privilege

granted to revise estimates of tax quarterly during the year as late as December 15. H. Rept. No. 401, 78th Cong., 1st Sess., Committee on Ways and Means, p. 38; S. Rept. No. 221, 78th Cong., 1st Sess., Committee on Finance, p. 41; Conference report, H. Rept. No. 510, 78th Cong., 1st Sess., p. 56.

The provisions were stricken by section 118 of the Revenue Act of 1943, and in lieu thereof it was provided that the penalties for failure to file a declaration and pay an installment of estimated tax would not be applicable upon a showing by the taxpayer of reasonable cause and not willful neglect for the failure. No like provision was inserted in subsection (d) (2) for underestimations of estimated tax. The only additional exception made in the new law provided for non-application of the penalty, if, in general, timely quarterly payments were made at current rates of tax on income for the preceding year.

The applicable provision is unambiguous and contains nothing implying legislative intent that it does not apply when the taxpayer can show reasonable cause for his underestimation of estimated tax. To the contrary, the amendments made of the section in the Revenue Act of 1943 disclose that the omission of any reference to reasonable cause or similar terms as a condition for nonapplication of the statute was deliberate. If there could be any doubt about the intent of Congress in that regard, it is completely removed by the reports of committees of Congress.

The amendments were made by the Committee on Finance. In its report, S. Rept. No. 627, 78th Cong., 1st Sess., the committee, after referring to the "reasonable cause and not to willful neglect" provisions inserted in the act in connection with penalties for failure to file a declaration and pay an installment of estimated tax, said, at p. 48:

Under section 294 (d), as added by your committee bill, it is further provided that, under regulations prescribed by the Commissioner with the approval of the Secretary, this addition to the tax shall not apply to the taxable year in which the taxpayer makes a timely payment of estimated tax within each quarter of such year (or in the case of farmers exercising an election under section 60 (a), within the last quarter) in an amount at least equal to an amount computed on the basis of the net income of the taxpayer shown on his return for the preceding taxable year at the rates applicable to the taxable year.

The report of the conferees is to the same effect. See Conference report, H. Rept. No. 1079, 78th Cong., 2d Sess., p. 44.

We can not agree with petitioners that approval here of respondent's determination is "unconscionable." Respondent enforced the law as prescribed by Congress and under its terms he could not have done otherwise. He could not read into it provisions and exceptions not there contained, neither can we, in construing the law. *Stephan* v. *Commissioner*, 197 F. 2d 712, relied upon by petitioners, is distinguishable. There, the Commissioner read into the act an increase

or multiplication of the penalty beyond its terms. Here, the Commissioner followed the plain and unambiguous provisions of the act.

The sections of the Code in question give the taxpayer specifically three different ways of avoiding the imposition of the penalty, all of which he wholly ignored.

Assuming that the statute could be construed in the manner proposed by petitioners, from the showing made here we would not be justified in finding as a fact that the underestimations of estimated tax were due to reasonable cause. Petitioner H. R. Smith had tax liability of about $80,000 in 1945, yet estimated his tax liability for 1946 in his first declaration to be the small amount of $3,121.60 withheld on his salary for 1945. Each of the Allens had tax liability of about $5,150 for 1945, notwithstanding which they filed declarations in March 1946 showing no tax liability for that year. All of the petitioners disregarded for current tax payments the large capital gains realized in July 1946 of about $1,500,000 in the case of Smith, and $61,000 in the case of the Allens. These failures to file original declarations having a reasonable relationship to tax liability for the prior year, and amendments thereto to reflect income known to have been realized, reflect gross negligence, if not lack of desire, to comply with the current payment feature of the statute rather than reasonable cause to come within its terms to avoid penalty. The purpose and effect of the law would be completely thwarted if under the facts here petitioners are forgiven for their noncompliance. .

Reviewed by the Court.

*Decisions will be entered for the respondent.*