William Maidman and Ada Maidman v. Commissioner.
Maidman v. Commissioner
Docket No. 48636.
United States Tax Court
T.C. Memo 1955-74; 1955 Tax Ct. Memo LEXIS 261; 14 T.C.M. (CCH) 235; T.C.M. (RIA) 55074; March 31, 1955
*261 Joseph J. Lyman, Esq., 1424 K Street, N.W., Washington, D.C., for the petitioners. Charles M. Greenspan, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined that an addition to the tax for 1948 in the amount of $1,493.63 was due under section 294(d)(2) of the Internal Revenue Code because of a substantial understatement of Declaration of Estimated Tax. The issues for decision are whether this addition to the tax can be avoided by a showing that the understatement was due to reasonable cause and not to willful neglect, and second, whether the understatement was in fact due to reasonable cause and not to willful neglect. Findings of Fact The petitioners, husband and wife, filed a joint return for 1948 with the collector of internal revenue for the third district of New York on July 21, 1949. That return showed tax due in the amount of $19,864.10, and the petitioners subsequently agreed to a deficiency of $5,029.70, making their total income tax for 1948, $24,893.80. The petitioners had made no payments whatsoever on account of their 1948 income tax liability up to August 14, 1950. No tax *262 had been withheld and nothing had been paid as estimated tax. William Maidman reported a salary of $15,000 from Fashion Wear Realty Co. Inc. for 1948. He controlled that corporation. No amounts were withheld on account of his salary of $15,000. Other items reported on the return included dividend income of $362.50, interest income of $12,781.84, and partnership income of $34,042.96. A capital loss of $1,000 was reported without any details. William attended high school for a year or so and has been in the dress business for about 25 years. A firm of accountants has done accounting for him for a number of years and assisted him in filing income tax returns. One of the men employed by the accounting firm prepared Form 1040-ES, a Declaration of Estimated Tax, for William Maidman for 1948. The retained copy of that return shows "Estimated Income Tax for 1948" - "None", "Estimated Income Tax withheld and to be withheld during entire year 1948" - "None", "Unpaid balance of ESTIMATED TAX" - "None", and "Amount paid with this declaration" - "None." The record does not show when, where, or whether an executed copy of that form was filed. The record does not show that the substantial understatement *263 of estimated tax by the petitioners for the year 1948 was due to reasonable cause or was not due to willful neglect. The stipulation of facts is incorporated herein with this reference. Opinion MURDOCK, Judge: The petitioners open their argument in their brief as follows: "It is conceded that petitioners understated their income tax liability for the taxable year 1948. The petitioners acted similarly in understating their income tax liability for the year 1947. In both cases, the omission was excusable because of reasonable cause and excusable neglect on the part of petitioners." Only the year 1948 is before the Court. Their argument is that they relied upon an accountant, but the record does not show the name of the person who prepared the Declaration of Estimated Tax for William for 1948, the circumstances under which he prepared the return, the information, if any, given him by William for the purpose of preparing the return, or the qualifications, if any, of the person who prepared the return, except for the fact that a member of the accounting firm testified "One of my men did prepare a 1040 E.S.", the return in question. Furthermore, it is doubtful if William could *264 be excused under any circumstances for filing a Declaration of Estimated Tax in which he estimated he would not owe any tax of any kind for 1948 in view of his salary, which he must have known he was receiving for that year, and in view of his other income-producing activities during the year. Certainly this record does not show any excuse which would relieve him from this addition to the tax. Furthermore, this Court has held in H. R. Smith, 20 T.C. 663, that section 294(d)(2) of the Internal Revenue Code can not be avoided by a showing of reasonable cause for a substantial understatement of estimated tax. Decision will be entered for the respondent.