B. A. Totten and Corinne J. Totten, Husband and Wife v. Commissioner.
Totten v. Commissioner
Docket No. 53185.
United States Tax Court
T.C. Memo 1955-174; 1955 Tax Ct. Memo LEXIS 169; 14 T.C.M. (CCH) 665; T.C.M. (RIA) 55174; June 28, 1955
Sydney A. Smith, Jr., Esq., Deposit Guaranty Bank Building, Jackson, Miss., for the petitioners. Paul J. Weiss, Jr., Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: This proceeding involves a deficiency in income tax for the fiscal year ended March 31, 1951. The issue is whether petitioners are liable for a penalty of $952.54 imposed under section 294(d)(2) of the Internal Revenue Code of 1939 for substantially understimating their estimated tax. All of the facts are set forth in stipulations of fact which we adopt by reference as our findings of fact. Petitioners filed a joint return for the calendar year 1949 *170 disclosing a tax liability of $6,214.48. In January 1950 petitioner B. A. Totten, hereinafter referred to for convenience as the petitioner, was given permission to change the basis for filing income tax returns to a fiscal year ending March 31. Pursuant to that permission, petitioner and his wife, Corinne J. Totten, filed a joint return on June 15, 1950, for the three months' period ended March 31, 1950, disclosing tax liability of $1,037.17. No estimated tax return was filed by the petitioners for that taxable period. On September 19, 1950, petitioner filed a declaration of estimated tax with the collector of internal revenue for the district of Mississippi for the taxable year ended March 31, 1951, showing estimated tax of $1,200 with no estimated amount for tax to be withheld. The amount of $400 was paid at the time of filing the declaration and a like payment was made on December 18, 1950. No other payments of estimated tax were made under the declaration and no other declaration was filed by the petitioners for the taxable year. Extensions to August 15, 1951, were granted within which to file an income tax return for the taxable year. Petitioners filed a joint return on *171 that date with the collector of internal revenue for the district of Mississippi for the taxable year, in which they disclosed tax liability of $18,095.14, less $689.94 for tax withheld and "$1200.00" for payments on a declaration of estimated tax, leaving a balance due of $16,205.20. Of the balance shown to be due, $2,500 was paid with the filing of the return and additional payments of tax totaling $13,705.20 were paid in installments during the remainder of the calendar year 1951. Petitioners did not file a brief or make a statement at the hearing on their position under the issue. Statements appearing in the allegations of fact of their petition indicate the view that the penalty was improperly imposed, since the tax paid in the amount of $800 under the declaration, and the tax in the amount of $689.94 withheld during the taxable year, a total of $1,489.94, exceeded the tax liability of $1,037.17 reported for the preceding taxable year represented by the period of three months ended March 31, 1951. Subject to the compliance with other specified conditions, the penalty for underestimating estimated tax may be avoided by filing a declaration on the basis of the facts shown by *172 the taxpayer in his return for the preceding taxable year. We need not decide whether the return filed for the preceding fractional year of three months ended March 31, 1951, was a return for a "taxable year" within the meaning of section 294(d)(2), the applicable statute, without adjustment to place it on an annual basis. See sections 47 and 48, I.R.C. of 1939. The exceptions to the mandatory provisions of the statute are conditioned upon "timely payment of estimated tax within or before each quarter" of the taxable year, H. R. Smith, 20 T.C. 663, or, as conceded by respondent, the filing of a timely income tax return accompanied by payment of the balance of tax shown to be due in the return. See section 58(d)(3), I.R.C. of 1939. The declaration of estimated tax filed on September 19, 1950, was accompanied by an installment payment of $400. The only other payment under the declaration was made on December 18, 1950, in the same amount. It is clear that timely payments of estimated tax were not made as required by the statute. Neither did petitioners file a return for the taxable year accompanied by a payment of the balance of tax shown to be due. It follows that the *173 respondent committed no error in imposing the penalty in controversy. To resolve the discrepancy appearing in the notice of deficiency and the statement attached thereto as to the amount of the deficiency, Decision will be entered under Rule 50.