ESTATE OF ARTHUR GARFIELD HAYS, DECEASED, WILLIAM ABRAMSON AND LAWRENCE FERTIG, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55657, 57766.   Filed November 26, 1956.

*Samuel P. Cohen, Esq.*, for the petitioners.
*Sumner Lipsky, Esq.*, for the respondent.

### OPINION.

RAUM, *Judge:* Respondent has determined deficiencies in the income tax of petitioners' decedent as follows:

| Year | Amount |
| --- | --- |
| 1950 | $694. 00 |
| 1951 | 735. 56 |
| 1952 | 566. 79 |

The sole issue is whether respondent erred in refusing to include payments on account of deficiencies in income taxes of prior years in determining whether payments on account of estimated tax in each of the taxable years in question equaled at least 80 per cent of the total tax liability for each such year.  All of the facts have been stipulated.

Arthur Garfield Hays was an individual residing at 24 East 10th Street, New York City.  His individual income tax returns for the calendar years 1950, 1951, and 1952 were filed with the then collector of internal revenue for the second district of New York at New York City.  He died on December 14, 1954.  William Abramson and Lawrence Fertig are the duly appointed executors of his will.

At all times material decedent was a partner in a law firm.  In each of the years 1948 to 1952, inclusive, his net income and income tax payable, as determined by respondent, were as follows:

| Year | Net income | Income tax payable |
|---|---|---|
| 1948 | $59,065.73 | $28,271.63 |
| 1949 | 54,152.37 | 25,134.17 |
| 1950 | 43,556.18 | 19,066.72 |
| 1951 | 44,993.13 | 22,259.26 |
| 1952 | 53,052.75 | 29,046.51 |

As of January 1, 1950, decedent was indebted to the United States for income taxes for prior years as follows:

| Calendar Year | Amount |
|---|---|
| 1946 | $2,094.69 |
| 1947 | 2,025.54 |
| 1948 | 2,507.41 |
| 1949 | 14,527.70 |

Decedent's income tax liability for 1950, 1951, and 1952 as finally determined, and 80 per cent thereof, are as follows:

| Year | Liability | 80 per cent of liability |
|---|---|---|
| 1950 | $19,066.72 | $15,253.38 |
| 1951 | 22,259.26 | 17,807.41 |
| 1952 | 29,046.51 | 23,237.21 |

Decedent made the following payments on account of various income tax liabilities as follows:

| Date of payment | Amount | Purpose of payment |
|---|---|---|
| Jan. 16, 1950 | $2,500.00 | 1949 estimated tax |
| Mar. 10, 1950 | 2,500.00 | 1949 income tax |
| Mar. 10, 1950 | 2,500.00 | 1950 estimated tax |
| June 14, 1950 | 2,500.00 | 1950 estimated tax |
| July 6, 1950 | 2,500.00 | 1949 income tax |
| July 11, 1950 | 2,094.69 | 1946 income tax deficiency |
| | 34.17 | Interest thereon |
| Sept. 15, 1950 | 2,500.00 | 1950 estimated tax |
| Oct. 20, 1950 | 1,000.00 | 1949 income tax |
| Nov. 22, 1950 | 4,500.00 | 1949 income tax |
| Feb. 1, 1951 | 500.00 | On account 1949 |
| Feb. 20, 1951 | 804.41 | 1947 add. and interest |
| Feb. 20, 1951 | 3,106.47 | 1949 add. |
| Feb. 20, 1951 | 2,783.23 | 1948 add. and interest |
| Feb. 28, 1951 | 455.30 | Int. 1949 |
| Mar. 15, 1951 | 2,343.66 | 1950 taxes |
| Mar. 15, 1951 | 2,500.00 | 1951 taxes (estimate) |
| May 28, 1951 | 1,000.00 | 1950 taxes |
| June 14, 1951 | 2,500.00 | 1951 taxes (estimate) |
| June 15, 1951 | 1,000.00 | 1950 taxes |
| Sept. 14, 1951 | 2,500.00 | 1951 taxes (estimate) |
| Jan. 10, 1952 | 2,500.00 | 1951 estimate |
| Feb. 1, 1952 | 5,236.97 | Balance 1950 tax and interest |
| Mar. 11, 1952 | 2,500.00 | Account 1952 estimate |
| Mar. 17, 1952 | 2,185.33 | 1951 return |
| Apr. 15, 1952 | 1,133.00 | 1949 assessment and interest |
| Apr. 17, 1952 | 1,000.00 | Account 1951 |

| Date of payment | Amount | Purpose of payment |
|---|---|---|
| May 15, 1952 | $58.90 | Balance int. 1950 taxes #3209915 May 51C |
| May 16, 1952 | 2,000.00 | 1951 taxes |
| June 9, 1952 | 5,700.00 | 1952 taxes (estimate) |
| July 15, 1952 | 3,000.00 | 1951 taxes |
| Aug. 13, 1952 | 3,000.00 | Balance 1951 |
| Sept. 11, 1952 | 1,000.00 | 1952 taxes (estimate) |
| Dec. 15, 1952 | 2,500.00 | 1952 taxes (estimate) |
| Jan. 15, 1953 | 2,500.00 | On account 1952 estimate |

As a result of the foregoing, decedent made payments on account of estimated tax and on account of arrears in taxes of prior years during each of the years in controversy and up to the 15th of January of each succeeding year in a total amount greater than 80 per cent of the total income tax liability for each respective year at issue herein. However, in no case did the total amount of payments on account of estimated tax alone for a current year equal as much as 80 per cent of such liability.

Petitioners contend that in determining for the purposes of section 294 (d) (2) of the Internal Revenue Code of 1939 [1] whether 80 per cent of total tax liability for a given year was paid on account of estimated tax, we should include payments made not for that purpose, but to satisfy liabilities resulting from arrears in income taxes due in respect of prior years. This we cannot do.

The duty to pay income taxes still due for any prior year is a complete obligation in itself, entirely separate and distinct from the duty to make payments on account of estimated tax liability for the current year. A payment in satisfaction of one liability cannot be deemed at the same time to satisfy the other. When decedent paid amounts on deficiencies due in respect of prior years, he received everything to which he was thereby entitled when such amounts were so credited as to reduce his liability in respect of those deficiencies. Petitioners, however, would have such payment serve not only that purpose, but also constitute a payment of amounts currently due in respect of estimated tax. No authority is cited to support this novel doctrine, and we know of none.

---

[1] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.
(d) ESTIMATED TAX.—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(2) SUBSTANTIAL UNDERESTIMATE OF ESTIMATED TAX.—If 80 per centum of the tax * * * exceeds the estimated tax * * * there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. This paragraph shall not apply to the taxable year * * * in which the taxpayer makes a timely payment of estimated tax within or before each quarter * * * of such year * * * in an amount at least as great as though computed * * * on the basis of the taxpayer's status with respect to the personal exemption and credit for dependents on the date of the filing of the declaration for such taxable year * * * but otherwise on the basis of the facts shown on his return for the preceding taxable year. * * *

Were the payments in question in satisfaction of gift tax or excise tax liability, or some non-tax-created liability to the United States, we doubt that petitioners would urge the result they seek here. We do not deem it a distinction that those payments happen instead to be applicable to an income tax liability for a different year.

It is unclear whether and to what extent petitioners are suggesting reasonable cause as a defense. In any event, reasonable cause is irrelevant here. *H. R. Smith*, 20 T. C. 663.

Nor can the cause of petitioners be aided by section 6654 of the Internal Revenue Code of 1954. Even assuming that that provision would require a different result in later taxable years under the same set of facts and circumstances (and we express no opinion on that point), the instant proceeding is not governed thereby. Section 6654 is not retroactive in its effect, and it is clearly amendatory, not declaratory of prior law.

Respondent's determination must be sustained.

*Decisions will be entered for the respondent.*