*Decisions will be entered under Rule 50.*

EBB JAMES FORD, JR., AND JANET E. FORD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61898. Filed December 23, 1957.

*G. E. Estes, Jr., Esq.*, for the petitioners.
*Lester R. Uretz, Esq.*, for the respondent.

PIERCE, *Judge:* The respondent determined a deficiency in petitioners' income tax, and also an addition to tax for substantial underestimate of estimated tax, as follows:

| Year | Deficiency | Addition to tax sec. 294 (d) (2) |
|---|---|---|
| 1953 | $862. 64 | $104. 52 |

Part of the deficiency is due to respondent's adjustment of a mathematical error in the return, which is not contested by petitioners.

The issues for decision are:

(1) Where the principal petitioner purchased certain realty, and in connection therewith assumed liability for payment of city and county taxes which had theretofore been assessed and had become a lien on the property, should such assumed taxes be treated as part of petitioner's cost of the property, or are they deductible by him from gross income?

(2) Where petitioner, after acquiring said property which consisted of a beachfront house and lot, not only offered the same for rent or sale through various real estate agents, but also moved into the property and occupied it for a period of about 3 months during the summer, solely as a residence for himself and his family, should he be allowed deductions for depreciation, insurance, and repairs on the house for the period during which it was so used by him as a residence?

(3) In computing depreciation on the house for any portion of the taxable year, what basis for depreciation and what period of remaining useful life for the house should be allowed?

(4) In computing petitioner's adjusted gross income for use in determining the limitation on his deduction for medical expenses, what portion, if any, of approximately $9,000 interest which he paid during the year should be allowed as a business expense of his law practice?

(5) Should an addition to tax, for substantial underestimate of estimated tax, be imposed under section 294 (d) (2) of the 1939 Code?

FINDINGS OF FACT.

The petitioners are husband and wife, residing in Gulfport, Mississippi. They filed a joint income tax return on the cash basis for the calendar year 1953, with the director of internal revenue for the district of Mississippi.

Petitioner Ebb James Ford, Jr. (herein called the petitioner), was at all times material an attorney, practicing law in Gulfport. He held, bought, and sold a substantial number of securities for his personal account, and he also owned several parcels of real estate, of which some were held for rental purposes.

On May 12, 1953, petitioner purchased a house and lot located on the beach of the Gulf of Mexico, in the city of Gulfport. His basic cost for the entire property was $36,000; but, in accordance with the deed, he also assumed liability for payment of certain 1953 city and county taxes which had theretofore been assessed and had become a lien on the property as of January 1, 1953. Petitioner paid these taxes in February 1954; but, in his 1953 return, he deducted the same in the amount of $343.35. Respondent disallowed such deduction.

The above-mentioned house was a 2-story frame structure of residence or boardinghouse type, which had 12 or 14 rooms. It was built in about 1928. Both its exterior design and many of its interior facilities, including the kitchen, the closets, and the heating system, were outmoded and inadequate. The lot had a beach frontage of 75 feet, and a depth of about 300 feet.

Immediately after purchasing said property, petitioner offered it for rent or sale, both to certain individuals and also through various real estate agents. But no arrangement for rental or sale was effected during the year 1953.

In accordance with the terms of the deed, the prior owner vacated said beach property on about May 30, 1953; and, within 1 or 2 weeks thereafter, petitioner and his family consisting of his wife and four children moved into the house. They took with them various household furniture and furnishings, certain summer clothing, and also a stove and a refrigerator that they had been using at another house located on 22d Street in Gulfport, which had been their permanent home for several years, and which they continued to maintain as their principal place of abode. They occupied the beachfront property, solely for their personal use as a residence, for approximately 3 months until about the first week of September 1953. They then returned to their permanent home on 22d Street.

The principal reason for petitioner and his family's occupying the beach property was that the city of Gulfport was at the time constructing a new sewer system, and that the streets near petitioner's

22d Street home were torn up with the digging of ditches, which created noise and dirt, and which also presented a hazard for their children. Petitioner's wife was ill, and she and petitioner believed that the beach property would be an advantageous temporary location for them.

Petitioners, in their 1953 return, claimed deductions for depreciation, insurance, and repairs in respect of the beachfront house, for the entire portion of the year 1953 that they owned the same—including the period of their personal occupancy. In computing such claimed depreciation, they used the total cost of the land and building, without making any allocation between the two; and they attributed a 36-year remaining life to the house. Respondent disallowed deduction for that portion of the above items which was attributable to the period that petitioner occupied the property for personal residence purposes; but he did allow deductions in respect of such items for the remainder of the year when the property was not occupied by petitioner. He computed the depreciation allowance for the latter period by determining that petitioner's basis for the house was $25,238.44, which is equal to twenty-five thirty-sixths of his cost of the entire property, and by attributing to the house a remaining useful life of 25 years.

During the year 1953, petitioner paid $9,159.55 interest, at the rate of 4 per cent per annum, on borrowed money which he obtained principally from banks. In his income tax return, he deducted $3,941.62 of said interest as a business expense of his law practice; and he deducted the balance as a nonbusiness expenditure. Such treatment had the effect of decreasing the amount of the adjusted gross income which he reported, and of increasing his claimed deduction for medical expenses.[1] The respondent determined that no portion of such interest was deductible as a business expense, but he allowed all of the same as a deductible nonbusiness expense.

Petitioner filed a declaration of estimated tax for the year 1953 in the amount of $2,000. Respondent determined that petitioner's income tax liability for said year was $3,742.06; and that an addition to tax should be imposed for substantial underestimate of estimated tax.

Petitioner's total cost of the beachfront property was $36,343.35, including $343.35 taxes assumed in connection with its purchase. His basis for depreciation of the house was $25,238.44; and its remaining useful economic life was 25 years.

No portion of the interest which petitioner paid during the taxable year was a business expense of his law practice.

---

[1] Under section 23 (x) of the 1939 Code, medical expenses are deductible to the extent that they exceed 5 per centum of the adjusted gross income.

OPINION.

*I.*

The first issue is, what treatment should be accorded to the taxes on the beach property, which petitioner assumed in connection with his purchase of that property on May 12, 1953, and which he thereafter paid in February 1954?

As shown in our Findings of Fact, these were city and county real estate taxes for the current year, which had been assessed prior to the time of the purchase, and which had become a lien on the property as of January 1, 1953. See Miss. Code Ann. 1942, sec. 9744.

Petitioner contends that he is entitled to deduct these taxes as "taxes paid or accrued," within the meaning of section 23 (c) of the 1939 Code. Respondent contends, on the other hand, that since the taxes had become a lien on the property prior to the time when petitioner assumed them in connection with the purchase, they constitute part of the purchase price; and that, in any event, they could not be deducted in the year 1953, because petitioner was on the cash basis and did not pay them until 1954. We agree with the respondent.

The Supreme Court, in *Magruder* v. *Supplee*, 316 U. S. 394, said at pages 398 and 399:

A tax lien is an encumbrance upon the land, and payment, subsequent to purchase, to discharge a pre-existing lien is no more the payment of a tax in any proper sense of the word than is a payment to discharge any other encumbrance, for instance a mortgage. * * * Payment by a subsequent purchaser is not the discharge of a burden which the law has placed upon him, but is actually as well as theoretically a payment of purchase price; * * *

\* \* \* \* \* \* \*

Thus either a pre-existing tax lien or personal liability for the taxes on the part of a vendor is sufficient to foreclose a subsequent purchaser, who pays the amount necessary to discharge the tax liability, from deducting such payment as a "tax paid." * * *

To the same effect, see *Frank W. Babcock*, 28 T. C. 781.

We hold that said taxes are not deductible by petitioner.

*II.*

The next question is, whether petitioner is entitled to allowances for depreciation, insurance, and repairs in respect of the beachfront house, for any period prior to the middle of September 1953 when he and his family discontinued their use of the house as a personal residence. Respondent has conceded that petitioner is entitled to deductions in respect of such items for the period subsequent to his personal use of the property. We think the above question must be answered in the negative.

Section 23 (a) (2) of the 1939 Code allows deductions for all ordinary and necessary expenses paid or incurred "for the management, conservation, or maintenance of property held for the production of income"; and section 23 (1) (2) allows a deduction for depreciation in respect of "property held for the production of income." But these provisions must be read in connection with section 24 (a) (1) of the Code, which provides that in computing net income, no deduction shall "in any case" be allowed in respect of personal, living, or family expenses, except certain medical expenses. The application of this limitation of section 24 is made clear by Treasury Regulations 118, wherein it is stated specifically in section 39.23 (a)–15 thereof, that the provisions of section 23 (a) (2) of the Code are "subject to the qualifications and limitations in chapter 1 and particularly in section 24"; and wherein it also is stated:

(h) Ordinary and necessary expenses paid or incurred in connection with the management, conservation, or maintenance of property held for use as a residence by the taxpayer are not deductible. * * *

Moreover, these regulations further provide:

SEC. 39.23 (1)–2 *Depreciable property.* * * * No such allowance [for depreciation] may be made in respect of * * * a building used by the taxpayer solely as his residence, * * *

SEC. 39.24 (a)–1 *Personal and family expenses.* Insurance paid on a dwelling owned and occupied by a taxpayer is a personal expense and not deductible. * * *

In the instant case, we have found as a fact that, within 1 or 2 weeks after the prior owner had surrendered possession of the beach property in accordance with the terms of the deed, petitioner and his family moved into the house, taking with them various household furniture and furnishings, certain summer clothing, and also a stove and a refrigerator from their permanent home on 22d Street. And, thereafter, they continued to occupy and use said beachfront house, solely as a personal residence for about 3 months during the summer, until the middle of September 1953. Such facts cause the above-mentioned provisions of Regulations 118 to be directly applicable. Neither the fact that petitioner was offering the property for rent or sale during the period that he and his family were occupying it, nor the fact that he at the same time owned and maintained another more permanent place of abode, is sufficient to overcome the controlling fact that, from the time of acquiring possession of the property until the middle of September, it was occupied and used by him and his family as a personal residence. We approve the disallowance of the claimed deductions for said period.

As regards depreciation on the beachfront house for the period subsequent to the middle of September, respondent has conceded that this is allowable; and he has determined that the adjusted basis of the house, upon which such depreciation is to be computed, was $25,238.44;

and that the remaining useful economic life of the house was 25 years. These determinations are presumptively correct, and the burden was on petitioner to show that they are erroneous.

In his return, petitioner did not set forth any separate basis for the house, but computed the claimed depreciation on his total cost for both land and building; and he attributed to the house a remaining useful life of 36 years. At the trial, he conceded that such computation was erroneous; and he there contended that the basis for depreciation of the house was $33,750, and that the remaining useful life of the same was 15 years. He, however, presented no appraisal of the house, and no other evidence, except his own unsupported estimates, which would tend to establish the correctness of his contentions.

We hold that petitioner has failed to show that the above-mentioned determinations of the respondent are erroneous; and such determinations are therefore approved.

### III.

Petitioner contends that respondent erred in determining that no portion of the interest which he paid during the taxable year in the amount of $9,156.55, constituted a business expense of his law practice. Respondent did allow such interest as a nonbusiness deduction. The issue is of importance only because it affects the amount of petitioner's adjusted gross income which is used in computing his deduction for medical expenses.

In his return, petitioner claimed that $3,941.62 of said interest was an expense of his law practice. But, at the trial, he conceded that such figure was an arbitrary estimate; and he testified that a more accurate estimate would be about $1,000. Such amount of $1,000 is equivalent to 4 per cent interest on average borrowings for an entire year of $25,000. The evidence does not establish that borrowings of such amounts were either needed or actually expended in his law practice, which was of relatively limited extent. The total gross receipts of such practice for the year 1953, as reported in petitioner's return, were $21,925.14; and the total expenses of said practice, other than such interest, were $13,464.09.

Petitioner was unable to produce, on demand of respondent's counsel, any record in support of his estimate. And such evidence as was presented indicates that the borrowings in respect of which the interest was paid, were used to make personal investments in securities, and to make accommodation advancements on behalf of clients and other parties, which did not constitute an expense to petitioner.

We hold that no portion of the interest here involved is deductible as a business expense in computing petitioner's adjusted gross income.

## IV.

The final issue is whether an addition to tax, for substantial underestimate of estimated tax, should be imposed under section 294 (d) (2) of the 1939 Code.

Petitioner presented no evidence on this issue; but he alleged in his pleadings that the addition to tax should not be imposed, because neither he nor his wife had reason to believe that their tax liability for the year would exceed the amount of their estimate.

This Court has heretofore held that, where a substantial underestimate of estimated tax exists, a showing of reasonable cause for underestimation is not a defense to the application of section 294 (d) (2). *H. R. Smith*, 20 T. C. 663.

We hold that imposition of such addition to tax, in the instant case, is proper.

*Decision will be entered under Rule 50.*