William H. Ritz v. Commissioner.
Ritz v. Commissioner
Docket No. 4710-66.
United States Tax Court
T.C. Memo 1968-166; 1968 Tax Ct. Memo LEXIS 132; 27 T.C.M. (CCH) 813; T.C.M. (RIA) 68166; July 31, 1968. Filed William H. Ritz, pro se, 9300 Madison Ave., Cleveland, Ohio. Larry L. Nameroff, for the respondent. SCOTT Memorandum *133 Findings of Fact and Opinion SCOTT, Judge: Respondent determined deficiencies in petitioner's income taxes for the calendar years 1963 and 1964 in the amounts of $582.65 and $524.57, respectively. The issue for decision is whether petitioner is entitled to deductions of $1,980.36 and $2,039.51 or any part thereof as business losses for the calendar years 1963 and 1964, respectively. Findings of Fact Petitioner, an individual who resided in Cleveland, Ohio, at the date of the filing of the petition in this case, filed joint Federal income tax returns for the calendar years 1963 and 1964 with his wife, Marcella, with the district director of internal revenue at Cleveland, Ohio. During each of the years here in issue petitioner was employed on a regular basis in salaried positions. On April 27, 1960, petitioner was licensed by the Ohio Real Estate Commission as a real estate broker. He renewed this license in each of the subsequent years through the year 1964 at a cost of $10 a year. At the time petitioner was licensed as a real estate broker he was working at the Cleveland Clinic and during his time off from his employment would attempt to secure listings in an effort to develop *134 a real estate business on a parttime basis. During the years 1963 and 1964 petitioner received no income from any work as a real estate broker. Petitioner was also licensed as an insurance solicitor and was a notary public. Petitioner would charge 50 cents for notarizing a paper. During the year 1963 petitioner had a license as an insurance solicitor for which he paid somewhere between $3 and $5. During the year 1963 petitioner was attempting to sell his own house and he put a number of advertisements in various papers in an effort to sell his house. He also put two or three ads in the Cleveland Plain Dealer and 10 to 12 ads in a small neighborhood paper soliciting property to sell for others as a broker. Petitioner, on schedule C of the form 1040 which he filed for the year 1963, which schedule is entitled, "Profit (or Loss) from Business or Profession," listed his principal activity as broker and the product as insurance and real estate. He reported gross receipts of $135, gross profit of $135, and other business deductions as totaling $2,115.36 composed of depreciation of $1,135.56, repairs of $29.45, insurance of $16.40, and other business expenses of $933.95, and showed a *135 net loss of $1,980.36. On this return petitioner itemized his personal deductions showing contributions of $150, interest of $339.68, taxes of $725.94, and other deductions of $45. Petitioner, on schedule C, "Profit (or Loss) from Business or Profession," filed with his Federal income tax return for the year 1964, listed his principal business activity as a broker with his product being real estate and insurance. He showed no 814 gross receipts from his business and listed other business deductions of $2,039.51 composed of depreciation of $1,135.56, repairs of $29.45, insurance of $16.40, and other business expenses of $858.10, and reported a loss from business or profession of $2,039.51. Petitioner itemized his personal deductions on his 1964 income tax return claiming contributions and other charitable deductions of $150, interest of $325.40, taxes of $673.24, and other deductions of $45, making a total of $1,193.64. The $135 reported as gross receipts from business or profession on petitioner's 1963 income tax return was composed of notary fees and insurance commissions. In each of the years 1963 and 1964 petitioner showed his computed business loss as a reduction from *136 his other reported income and from the remaining income deducted his claimed itemized deductions to arrive at his net taxable income. Respondent in his notice of deficiency to petitioner for the taxable year 1963 increased petitioner's reported income by adding thereto the $1,980.36 business loss claimed by petitioner and the difference between the total deductions claimed by petitioner and the amount of $1,000. In the calendar year 1964 respondent increased petitioner's reported income by disallowing petitioner's claimed business loss of $2,039.51 and by adding to his reported income the excess of the amount claimed by petitioner as itemized deductions over $1,000. Respondent gave the following explanation for his adjustments in the year 1963: It is held that you were not engaged in the trade or business of real estate or insurance and that your "business deductions" claimed on schedule C of your 1963 income tax return were not substantiated. Accordingly, the loss you claimed for the taxable year ended December 31, 1963, in the amount of $1,980.36 is not allowable as a deduction under the provisions of Section 162 or any other section of the Internal Revenue Code. It is held *137 that your itemized deductions claimed, except for the "interest expense," were not substantiated. Therefore, since your allowable itemized deductions are less than the $1,000.00 maximum standard deduction under Section 141 of the Internal Revenue Code, the excess of the total itemized deductions claimed of $260.62 over the standard deduction allowable of $1,000.00 is disallowed. Respondent gave the same explanation for the year 1964 except that the amounts shown were those which constituted the amounts of his adjustments for the year 1964. Opinion Petitioner at the trial argued very vehemently that since he had a license as a real estate broker and a license as an insurance solicitor he was in a trade or business and entitled to deduct trade or business expenses. Though repeatedly asked by the Court to do so, he did not explain what activities he engaged in during the years 1963 and 1964 which he considered indicated that he was carrying on a trade or business as a broker selling insurance and real estate. He made some reference to advertisements for listings for the year 1963 but did not make any statement with respect to his activities in 1964. Petitioner *138 has totally failed to show that he was engaged in a trade or business of selling real estate and insurance in either 1963 or 1964. However, even if petitioner had shown that he was engaged in a business of selling real estate and insurance in 1963, he has not substantiated any of the expense deductions he claimed in that year with the exception of between $25 and $30 of license fees and approximately the same amount of advertising. Respondent in 1963 merely disallowed the loss claimed by petitioner which in effect allowed petitioner deductions for expenses to the extent of the $135 income reported by petitioner in the year 1963 on schedule C. Therefore, even if petitioner's statement with respect to advertising were considered to be sufficient to show that he was in a trade or business in 1963, petitioner has totally failed to show expenses in excess of $135. Petitioner offered no evidence whatsoever as to any business activities in which he engaged in the year 1964 or any explanation of any expense he incurred except $10 for renewal of his real estate broker's license. Petitioner at the trial stated that respondent considered that his activities in connection with real estate *139 or insurance were a "hobby." Petitioner argued that obviously this type of activity would not be a "hobby" for a person. If we assume, as petitioner contends, that he paid for a real estate broker's license in 1964 in the hope of earning some income and not to engage in a "hobby," we nevertheless would conclude that since respondent's determination that petitioner was not engaged in the trade or business of real estate or 815 insurance is prima facie correct, it should be sustained because of petitioner's total failure to show error therein. If we assume totally without proof that petitioner kept his real estate license effective and perhaps incurred certain other license fees in 1964 in the hope that these expenditures would at some point produce income for him and that for this reason these expenditures would be deductible under section 212, I.R.C. 1954, as expenses paid or incurred "for the production or collection of income," we would conclude that the license fees would not be deductible from petitioner's gross income as a business expense to arrive at petitioner's adjusted gross income as defined in section 62, I.R.C. 1954, but *140 would only be deductible from petitioner's adjusted gross income if petitioner itemized his deductions. See Ebb James Ford, Jr. 29 T.C. 499, 505 (1957). Under the provisions of section 63, I.R.C. 1954, in arriving at his taxable income, an individual is entitled to itemize deductions from adjusted gross income to which he is entitled or to claim the standard deduction, depending on which method results in the lesser taxable income to him. Petitioner does not contest respondent's determination that none of his itemized deductions except interest expense has been substantiated in either 1963 or 1964. Therefore, unless petitioner could substantiate deductions for ordinary and necessary expenses paid or incurred in the taxable years 1963 and 1964 for the production or collection of income such as are allowable under section 212, I.R.C. 1954, in excess of $600 in each year, petitioner's taxable income and resultant tax is less based on the standard deduction of $1,000 for each year here in issue than it would be by allowing some amount of deduction for his payment for real estate broker and insurance licenses. Petitioner has shown *141 only a payment of a $10 fee in 1964 in connection with his maintaining a license as a real estate broker and no other expense which could be considered as an expense for the production or collection of income. Petitioner was afforded every opportunity to testify to facts which he felt indicated he was engaged in a trade or business in the years 1963 and 1964 and to testify with respect to or otherwise attempt to substantiate the business expense deductions which he claimed. Petitioner nevertheless offered no such evidence. Because of petitioner's total failure of proof, respondent's determination is sustained. Decision will be entered for respondent.