**Beth JONES and First National Bank of Arizona, Executor of the Estate of Mike Jones, Plaintiffs,**

v.

**Wilson WOOD, District Director of Internal Revenue, Phoenix, Arizona, Defendant.**

**Leland M. JONES and Jessie Jones, Husband and Wife, Plaintiffs,**

v.

**Wilson WOOD, District Director of Internal Revenue, Phoenix, Arizona, Defendant.**

Civ. A. Nos. 2129, 2130.

United States District Court
D. Arizona.

April 25, 1956.

McLane & McLane, Phoenix, Ariz., for plaintiffs.

Theodore M. Garver, Sp. Asst. to Atty. Gen., Jack D. H. Hays, U. S. Atty., Tucson, Ariz., for defendant.

LING, Chief Judge.

### Findings of Fact

1. Plaintiffs are residents of Eloy, Arizona. Leland M. Jones and Jessie Jones are husband and wife who filed a joint federal income tax return for the

year 1951. Beth Jones and Mike Jones were also husband and wife during 1951, and also filed a joint federal income tax return for that year. Mike Jones has since died. Therefore, the Estate of Mike Jones joined his widow, Beth Jones, as plaintiffs in one action while Leland M. Jones and Jessie Jones are plaintiffs in a separate action. Both cases were consolidated for trial, and these findings of fact and conclusions of law apply with the same effect and force to both causes.

2. The two complaints filed by plaintiffs seek a refund of penalties imposed by the defendant, (1) for failure to file declarations of estimated tax on or before January 15, 1951, for the taxable year 1951, and (2) for substantial underestimation of tax as follows:

| Plaintiffs | Section 294(d) (1) (A) | Section 294(d) (2) |
|---|---|---|
| Leland & Jessie Jones | $2,879.19 | $1,727.51 |
| Beth Jones & The Estate of Mike Jones | 2,916.36 | 1,749.82 |

3. On January 29, 1954, defendant wrote a letter to each husband and wife stating that penalties for the year 1951, as set forth in an attached Revenue Agent's report, would be assessed. Each of the said Revenue Agent's reports, signed by U. S. Internal Revenue Agent H. L. Mende, proposed a penalty for failure to file a declaration of estimated tax for 1951 on January 15, 1952, under the alleged authority of Section 294(d) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 294(d) (1) (A), and a penalty for substantial underestimation of tax for 1951 under the purported authority of Section 294(d) (2) of the 1939 Code. The respective amounts of penalties proposed by defendant are the same as the sums set forth in paragraph 2 above. The penalties asserted and imposed under the alleged authority of Section 294(d) (1) (A) were for the failure of plaintiffs to file declarations of estimated tax by January 15, 1952, for the taxable year of 1951.

4. Thereafter, on May 4, 1954, the penalties asserted in defendant's letters were paid to defendant, and on May 11, 1954, claims for refund were duly filed with defendant which claims sought the recovery of all of the said penalties paid. These suits for refund were properly filed upon the expiration of six months after the filing of the claims for refund.

5. From 1948 through August of 1952, both Leland Jones and his father, Mike Jones, employed an accountant named Harry Kerrick to maintain their books and records, and to give them income tax advice on various and sundry income tax matters.

6. Mr. Kerrick was the only accountant in Eloy, Arizona, who maintained offices open to the public from 1948 through January 15th of 1952.

7. Eloy, Arizona, is a small rural community of approximately 6,000 people which is geographically located about 50 miles from Tucson, Arizona, and about 70 miles from Phoenix, Arizona.

8. During the period from 1948 through January 15, 1952, Mr. Kerrick held himself out to the public of Eloy, Arizona, and was considered by the community as being competent to give tax advice. His office window contained a sign which said "Accounting and Tax Service". Also, he maintained a tax library which he used daily, and took courses in federal taxation. He prepared from 175 to 200 income tax returns for farmers, businessmen and others in Eloy for the taxable year of 1951, and had from 50 to 75 regular clients other than plaintiffs during 1951. In addition, he was employed by many businessmen, farmers and lawyers of Eloy on many occasions for the purpose of giving tax advice. He was apparently qualified to give tax advice for the period described above.

9. From 1948 through January 15, 1952, Mr. Kerrick regularly rendered tax advice to Leland Jones and Mike Jones, and was paid for such advice on a fee basis.

10. In 1951, immediately prior to the Christmas holidays, Leland Jones, on behalf of himself and Mike Jones, sought tax advice from Harry Kerrick to deter-

**680**

mine whether it was necessary for them to file declarations of estimated tax for 1951. Mr. Jones was advised by Mr. Kerrick that there was no necessity of filing declarations of estimated tax for 1951. Thereupon, Leland Jones, relying upon the advice of Mr. Kerrick, informed Mike Jones that it was not necessary for the latter to file a declaration of estimated tax for 1951. Based on the advice of Mr. Kerrick, neither Leland Jones nor Mike Jones filed declarations of estimated tax for 1951 by January 15, 1952.

11. The failure of plaintiffs to file declarations of estimated tax for the year 1951 was due to reasonable cause and not to willful neglect.

### Conclusions of Law

■ 1. Section 294(d) (1)(A) of the Internal Revenue Code of 1939 imposes a penalty for failure to file a declaration of estimated tax within the time prescribed unless such failure was due to reasonable cause and not to willful neglect. In these cases, the record clearly shows that such reasonable cause did, in fact, exist. Therefore, for this reason alone, the defendant's imposition of penalties against plaintiffs for the failure to file declarations of estimated tax for 1951 was erroneous and without lawful authority.

However, there are two additional reasons either of which would entitle plaintiffs to recovery of the penalties assessed for failure to file declarations of estimated tax even if independent evidence had not reflected the existence of reasonable cause for such failure.

■ First, the defendant conceded in his brief that reasonable cause did exist in the instant cases when he said "The Director concedes that under the facts of these cases there was reasonable cause for plaintiffs' failure to file actual declarations of estimated tax on January 15, 1952" followed at a subsequent point by the statement that "The filing of a declaration on January 15th is the only way to satisfy the statute."

■ Second, the law itself provides that a farmer need not file a declaration of estimated tax on January 15th because he has the alternative of filing a final return and paying the tax on January 31st according to Section 60(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 60(a). Thus, on any given January 16th, a farmer could not be penalized for his failure to file a declaration of estimated tax on January 15th, which was the penalty imposed herein, because he may file a final return and pay the tax on January 31st. If Section 294(d) (1) (A) imposes any penalty against farmers, it only imposes a penalty for failing to file a final return and pay the tax by January 31st which was not the penalty asserted here.

■ 2. The penalty for substantial underestimation of tax cannot lawfully be imposed unless an estimate of tax has been filed. United States v. Ridley, D.C. N.D.Ga.1954, 120 F.Supp. 530. The imposition is improper for the very obvious reason that the tax was not underestimated. Indeed there was no estimate filed at all.

3. Plaintiffs are entitled to a refund of the penalties paid to defendant which are set forth specifically in each complaint.

Judgment will be entered in accordance with the above Findings.