**R. STENZEL and Genevieve Stenzel,
Plaintiffs,**

v.

**The UNITED STATES of America,
Defendant.**

**No. 35445.**

United States District Court
N. D. California, S. D.
March 22, 1957.

———◇——·

Fitzgerald, Abbott & Beardsley, Oakland, Cal., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Anthony T. Dealy, Attys., Dept. of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiffs, husband and wife, seek to recover $6,886.55, plus interest, from defendant. The amount, which is not disputed, represents a penalty assessed and collected from plaintiffs under Section 294(d) (2) of the Internal Revenue Code the following:

Included in the stipulated facts are of 1939, 26 U.S.C.A. § 294(d) (2).

The taxpayers did not file their declaration of estimated tax for the year 1951, which was required of them by Section 58(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 58(d).

Since the taxpayers did not file a declaration of estimated tax, the Commissioner of Internal Revenue assessed the penalty as provided by Section 294(d) (1) (A), Internal Revenue Code of 1939, and the penalty for substantial underestimation of estimated tax as provided by Section 294(d) (2). These penalties were in the respective amounts of $11,-477.59 and $6,886.55. Taxpayers paid the penalties as assessed.

On or about December 11, 1954, the taxpayers filed a claim for refund of the penalty assessed under Section 294(d) (2). The taxpayers' claim for refund was rejected.

Plaintiffs, by failing to file a declaration in 1951 have been penalized in the amount of 10% of the tax due. Such penalty is clearly provided by statute. However, there is no language in Section 294(d) (2) which, under the circumstances, warrants the imposition of an additional assessment of 6% for underestimation of tax.

The Government resists the taxpayers' suit for recovery by relying upon a Treasury Regulation and its application in Fuller v. Commissioner, 20 T.C. 308. The regulation adopted language used by Congress in a conference report on legislation in 1943. The regulation itself provides in substance that there shall be a penalty of 6% for substantial underestimate of estimated tax as provided by Section 294(d) (2), Title 26 U.S.C.A.

Plaintiffs assert that the Tax Court adopted language from a House Report, No. 510, May 28, 1943, relating to an earlier statute. The law as re-written some eight months later for the purpose of eliminating confusion and inequities has no such language to support the defendant's interpretation.

Plaintiffs' position has been sustained under similar factual situations.[1] However, two District Courts have held to the contrary.[2]

There is nothing in the history of the Revenue Act of 1943 which shows that in re-writing Section 294(d) (2), Congress intended that, in the event of the failure to file the required declaration the amount of the estimated tax would be *zero*. The construction contended for by the Government is inconsistent with the plain congressional intention. It attempts, inferentially, to dignify a Bureau regulation by giving it the same force and effect as congressional enactment. The cumulative penalties sought to be imposed are in conflict with any fair, reasonable and just statutory construction.

Judgment may be prepared and entered in accordance with the foregoing.

1. United States v. Ridley, D.C., 120 F. Supp. 530; Owen v. United States, D.C., 134 F.Supp. 31, 39; Jones v. Wood, Apr. 25, 1956, 56–1 USTC 94, 98; Glass v. Dunn, Jul. 9, 1956, 56–2 USTC 9840.

2. Brown v. United States, May 25, 1956, 1956–P–H, par. 72,703; Peterson v. United States, D.C., 141 F.Supp. 382.