Joseph W. BARNWELL and Margaret B. Barnwell, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 5427.

United States District Court E. D. South Carolina, Columbia Division.

Feb. 4, 1958.

Robinson, McFadden & Dreher, Columbia, S. C., for plaintiff.

N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., for defendant.

TIMMERMAN, Chief Judge.

This is a civil action to recover taxes in the nature of penalties in the amount of $5,837.70 assessed against plaintiffs on a joint tax return for the fiscal year ending February 28, 1951. The Commissioner of Internal Revenue assessed a penalty in the sum of $3,511.70 under Section 294(d) (1) (A) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 294(d) (1) (A), for failure to file a declaration of estimated tax for the year in question, and another penalty in the sum of $2,326 under section 294 (d) (2) for substantial underestimation of the tax for the year. On August 18, 1954, the taxpayers paid these penalties and instituted this action for refund. This Court has jurisdiction under the provisions of Section 7422 of the Internal Revenue Code of 1954, 26 U.S.C.A. §

7422, and Section 1346 of the Judicial Code, 28 U.S.C.A. § 1346. For convenience and because the husband is the real party plaintiff in this case, I shall hereinafter in most instances refer to the plaintiffs in the singular number.

There is no dispute as to what are the essential facts of this case. The husband plaintiff was a general contractor whose work consisted mainly of building bridges for the South Carolina Highway Department. He himself made out the annual tax returns, but he did not file a declaration of estimated tax for the year in question nor for any year prior thereto. The taxpayers filed a joint income tax return for the fiscal year in question showing income in the amount of $91,182.03 and a tax of $38,199.36. Later an amended income tax return was filed for the same period which reported an income of $88,574.61 and a tax of $36,644.02. As a result of an investigation of the amended return by Revenue agents, the aforementioned penalties were assessed.

The plaintiff's work is of such a nature that his income varies sharply each year. He must first submit a low bid and get the award of a construction contract. It is then somewhat of a guess as to whether or not he will gain or lose, which will depend upon many factors that may or may not arise during construction. The extreme hazards of his business are reflected by the fact that in the fiscal year following the year in question his income tax was only $2,729.74 and the following year he paid no tax.

The plaintiff contends that due to inability to determine expected income he was not required to file a declaration of expected income; also that federal agents had checked returns for the 3 years preceding the fiscal year ending February 28, 1951, and had not called his attention to his failure to file estimated tax returns for those years.

■ These stated contentions do not constitute valid excuses for the failure to obey the law requiring the filing of a declaration of estimated tax. Section

294(d) (1) (A) of the Act requires a taxpayer "to make and file a declaration of estimated tax within the time period prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect  *  *  *." This provision is in keeping with the overall tax collection system. It prevents the self-employed taxpayer from taking an unfair advantage over the salaried employee whose tax is withheld by the employer and paid over to the United States at regular intervals during the taxable year. The United States has the right to the use of this money and the plaintiff cannot use it and seek to excuse himself on the basis of ignorance of the law.

No one filing an estimated income or tax statement is precluded from changing the estimate as conditions warranting a change in the estimate occur. If any changes occur, the estimate can be amended to conform with the requirements of the law. This is the method used by those engaged in similar work with hazardous conditions. Also, the plaintiff cannot shift the blame for the failure to file the estimate because some agent neglects to call attention to the omission. To do so would substantially destroy the power to enforce tax payments and defeat the intent of Congress. The plaintiff failed to establish reasonable cause for the failure to file the estimate required by Section 294(d) (1) (A) of the Act and the amount assessed thereunder is valid.

The second assessment under Section 294(d) (2) of the Act depends upon whether the failure of the plaintiff to file any declaration at all amounts to a "substantial underestimate" of the tax. In approaching this question we must keep in mind that these sections like other penal statutes are not to be interpreted vindictively but liberally. Stephan v. C. I. R., 5 Cir., 1952, 197 F.2d 712; 50 Am.Jur., Statutes, Sec. 407 et seq.

A number of the district courts have passed on this question and the majority have held that a failure to file, which may subject a taxpayer to the penalty under Section 294(d) (1) (A), does not also subject him to the additional penalty prescribed in Section 294(d) (2) of the Act. United States v. Ridley, D.C.Ga. 1954, 120 F.Supp. 530, 538, same case 127 F.Supp. 3; Owen v. U. S., D.C.Neb.1955, 134 F.Supp. 31, 39; Powell v. Grandquist, D.C.Or.1956, 146 F.Supp. 308; Stenzel v. U. S., D.C.N.D.Cal.1957, 150 F.Supp. 364.

It is not logical to say that a person who does not file an estimate at all thereby underestimates his tax. It is common knowledge that tax statutes are carefully drawn, and if the Congress had intended Section 294(d) (2) to apply where there was a failure to file, it could easily have said so. I am in accord with the statement of Chief Judge Ling in Jones v. Wood, D.C.Ariz.1956, 151 F. Supp. 678, 680: "The penalty for substantial underestimation of tax cannot lawfully be imposed unless an estimate of tax has been filed. United States v. Ridley, D.C.N.D.Ga.1954, 120 F.Supp. 530. The imposition is improper for the very obvious reason that the tax was not underestimated. Indeed there was no estimate filed at all."

I conclude, therefore, that the penalty in the amount of $2,326 assessed under Section 294(d) (2) was not warranted and that plaintiff is entitled to recover that amount with interest from date of payment, August 18, 1954.

An order for judgment in accordance with the views herein expressed will be signed on presentation.