**C. A. WOOD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 639.

United States District Court
E. D. Texas,
Jefferson Division.

June 25, 1958.

John D. Furrh, Jr., Marshall, Tex., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Jerome S. Hertz, Washington, D. C., William M. Steger, U. S. Atty., John L. Burke, Jr., Asst. U. S. Atty., Tyler, Tex., for defendant.

SHEEHY, District Judge.

Plaintiff, proceeding under 28 U.S.C.A. § 1346(a) (1), brought this action to recover penalties assessed against the plaintiff by the Commissioner of Internal Revenue, hereinafter referred to as Commissioner, in connection with plaintiff's income taxes for the years 1952 and 1953.

The facts as found are as hereinafter stated.

The plaintiff did not file a declaration of estimated tax as required by the 1939 Internal Revenue Code for the years 1952 and 1953. The Commissioner assessed penalties aggregating the sum of $1,385.52 against the plaintiff for the years 1952 and 1953 and so advised plaintiff by letter dated May 11, 1956. These penalties were assessed under the provisions of Sec. 294(d) (1) (A) of the 1939 Internal Revenue Code, 26 U.S. C.A. § 294(d) (1) (A), for failing to make and file a declaration of estimated tax within the time prescribed by law and under Sec. 294(d) (2) of the 1939 Internal Revenue Code for failing to estimate his income tax within eighty per cent thereof for the years 1952 and 1953. The penalties assessed for the year 1952 aggregated the sum of $172.79 and the penalties assessed for the year 1953 aggregated the sum of $1,212.73. On June 19, 1956, plaintiff paid the penalties in

full to the District Director of Internal Revenue at Dallas, Texas, and on July 3, 1956, filed a claim for refund for the amounts so paid claiming: (a) his failure to file such declarations of estimated income tax was due to reasonable cause and not to wilful neglect, and (b) since he filed no declaration of estimated income tax for either 1952 or 1953, the Commissioner was not authorized to assess the penalties he assessed under the provisions of 294(d) (2) of the 1939 Internal Revenue Code. On January 4, 1956, plaintiff's said claim for refund was denied by the Commissioner.

■ As to those penalties assessed under Sec. 294(d) (1) (A), plaintiff contends that his failure to file the declarations of estimated tax for the years in question was due to reasonable cause and not to wilful neglect. As to the penalties assessed under Sec. 294(d) (2), plaintiff contends that since he filed no declarations of estimated tax for the years 1952 and 1953, the penalties for underestimation of tax cannot lawfully be imposed for the years in question. At the trial defendant, relying on Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746, took the position that in this case this Court is limited to deciding whether the action of the Commissioner was arbitrary or capricious and that only the evidence submitted to the Commissioner or his representative was admissible at the trial of this case before this Court. I find nothing in that case that would support such position of the defendant. It has long been held that where the district court has jurisdiction to try the question of a taxpayer's tax liability the trial in the district court is de novo.[1]

■ The question as to whether plaintiff's failure to file his declarations of estimated tax for the years in question was due to reasonable cause and not to wilful neglect is one of fact. The evidence on that question shows and I so find: that in about 1945 the plaintiff, a former school teacher, started operating a small retail gas and appliance business in Linden, Cass County, Texas, which business he has continued to operate up to the present; that about 1945 or 1948 he consulted one Robert Salmon, a practicing attorney of Linden, Texas, about income tax matters and from that time up until about 1955 Salmon was his tax advisor and prepared his income tax returns each year; that during the time Salmon was handling plaintiff's tax matters plaintiff made all his records that would relate to plaintiff's income and tax liability available to Salmon; that Salmon advised the plaintiff that it was not necessary for him to file declarations of estimated tax; that plaintiff relied on that advice and that is the reason that plaintiff did not file the declarations of estimated tax for the years 1952 and 1953; that Linden is a small rural town with a population of approximately 2,000; that during the years in question and for some time prior thereto Salmon, who is a duly licensed attorney in the State of Texas and who is a member of the Bar of this Court, was the only person in Linden who rendered income tax service; that Salmon has been giving advice on income tax matters and rendering income tax service since about 1937 and in so doing prepared about 200 to 250 income tax returns per year; and that Salmon was competent to give advice on income tax matters and was considered by plaintiff, during the times here pertinent, to be competent to give advice on income tax matters. In light of these facts, I find and conclude that plaintiff's failure to file declarations of estimated tax for the years 1952 and 1953, and each of them, was due to reasonable cause and not to wilful neglect. In light of that finding, it follows that the penalties assessed by the Commissioner against the plaintiff under Sec. 294(d) (1) (A) for the years 1952 and 1953 were erroneously assessed.

1. Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184; and Fidelity & Columbia Trust Co. v. Lucas, D.C., 7 F.2d 146 (cited with approval in the Wickwire case).

428

■ Since the plaintiff did not file a declaration of estimated tax for either the year 1952 or the year 1953, did the Commissioner have the right to assess the penalties he did assess under Sec. 294(d) (2) for underestimation of plaintiff's income tax liability for the years 1952 and 1953? This presents a question of law and one upon which there is a division of judicial authority. The defendant, in contending that the question should be answered in the affirmative, takes the position that under a Treasury regulation providing, in effect, that where no declaration of estimated tax has been filed, for the purposes of applying the penalty provisions of Sec. 294(d) (2), the amount of the estimated tax shall be treated as zero[2] and cites in support of such position Fuller v. Commissioner, 20 T.C. 308 (affirmed on other grounds, 10 Cir., 213 F.2d 102); Smith v. Commissioner, 20 T.C. 663; Farrow v. United States, D.C.S.D.Cal., 150 F.Supp. 581; and Peterson v. United States, D.C.S.D.Tex., 141 F.Supp. 382. Concededly, these cases support defendant's position. The plaintiff, contending that the question should be announced in the negative, cites Jones v. Wood, D.C.Ariz., 151 F.Supp. 678; Stenzel v. United States, D.C.N.D.Cal., 150 F.Supp. 364; Powell v. Granquist, D.C.Or., 146 F.Supp. 308; Owen v. United States, D.C.Neb., 134 F.Supp. 31; and United States v. Ridley, D.C.N.D.Ga., 120 F. Supp. 530. The last mentioned cases hold that the penalty for substantial underestimation of tax cannot lawfully be imposed unless an estimate of tax has been filed and clearly support plaintiff's contention. Which line of cases is correct?

Sec. 294(d) (2) does not specifically provide for penalties for substantial underestimation of estimated tax where no declaration of tax is filed. If a penalty for underestimation of estimated tax can be imposed where no declaration of tax

is filed, it must be done because of the Treasury regulation, above referred to. I am mindful of the well established rule that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes,[3] but I am also mindful of the rule to the effect that the penalty provisions of Sec. 294(d) (2), being penal in nature, must be interpreted liberally in favor of the taxpayer and strictly against the Government.[4]

Congress, by the enactment of Sec. 294 (d) (1) (A) of the 1939 Internal Revenue Code, provided a penalty for the failure to file a declaration of estimated tax within the prescribed time. The obvious purpose of that section was to compel the filing of a declaration of estimated tax. The apparent purpose of Sec. 294(d) (2) was to compel persons filing declarations of estimated tax to estimate such tax within eighty per cent of the ultimate tax to be due. I find nothing in the 1939 Internal Revenue Code, including Sec. 294(d) (2), that would indicate an intent on the part of Congress to subject the taxpayer to the penalties provided for in Sec. 294(d) (2) when a declaration of estimated tax had not been filed. Therefore, I am of the opinion that the Treasury regulation, above referred to, which permits the Commissioner to assess the penalty provided for by Sec. 294(d) (2) when no declaration of estimated tax has been filed, is not only unreasonable but is plainly inconsistent with the Internal Revenue Code in effect during 1952 and 1953, and that the holdings of the courts, to the effect that the penalty for substantial underestimation of tax cannot be lawfully imposed unless a declaration of estimated tax has been filed, in the cases relied on by plaintiff are correct. Being of that opinion, I find and conclude that the Commissioner unlawfully assessed the penalties it assessed against plaintiff under

2. Treasury Regulation 118, Sec. 39.294–1 (b) (3) (i) (a).

3. Commissioner v. South Texas Lumber Company, 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831.

4. Stephan v. Commissioner, 5 Cir., 197 F. 2d 712, 714.

the provisions of Sec. 294(d) (2) for the years 1952 and 1953.

Judgment will be entered for the plaintiff for the sum of $1,385.52 plus interest thereon at the rate of six per cent per annum from June 19, 1956.