OPINION. Opper, Judge: Petitioners virtually concede understatements of income in the 3 years before us averaging more than $10,000 a year.[1] In addition, they had underreported their net income for the 3 preceding years. These amounts are of sufficient size to demonstrate that they could not have been unintentionally omitted, and the repetition demonstrates a pattern which in itself indicates that their omission was intentional.[2] Without more, that would support an inference of willfully fraudulent conduct. As the United States District Court said in United States v. Florida, 165 F. Supp. 328 (E. D. Ark.): The defendant’s chief contention is that the mere failure to return income and pay tax on it is insufficient to constitute a violation of 26 U. S. C., § 145 (b), and relies principally upon the cases of Spies v. United States, 317 U. S. 492, 87 L. Ed. 418, 63 S. C. 364; Holland v. United States, 348 U. S. 121, 99 L. Ed. 150, 75 S. C. 127; and Blackwell v. United States, 8 Cir., 244 Fed. (2d), 423. He quotes from page 139 of 348 U. S. (Holland case) as follows: “A final element necessary for conviction is willfulness. The Petitioners contend that willfulness ‘involves a specific intent which must he proven by independent evidence and which cannot be inferred from the mere understatement of income.’ This is a fair statement of the rule.” However, the Court in the next sentence said: “Here, however, there was evidence of a consistent pattern of underreporting large amounts of income, and of the failure on Petitioners’ part to include all of their income in their books and records. Since, on proper submission the jury could have found that these acts supported an inference of willfulness, their verdict must stand. Spies v. United States, supra.” In Blackwell v. United States, supra, at page 429 of 244 Fed. (2d), the Court said: “Defendant next urges that there is no proof of willfulness. ‘Willfulness “involves a specific intent which must be proven by independent evidence and which cannot be inferred from the mere understatement of income.” ’ Holland v. United States, supra, 348 U. S. at page 139, 75 S. Ct. at page 137, 99 L. Ed. 150. The test of willfulness is quite fully discussed in Spies v. United States, 317 U. S. 492, 499, 63 S. Ct. 364, 87 L. Ed. 418. Willfulness involves a state of mind. Direct proof of willfulness is seldom available. A consistent pattern of underreporting large amounts of income or over-claiming deductions and not recording such items on the taxpayer’s records is evidence from which willfulness may be inferred. Holland v. United States, supra; Zacher v. United States, 8 Cir. 227 Fed. (2d) 219, 224; Canton v. United States, 8 Cir., 226 Fed. (2d) 313, 321.” But this record shows that there is more than the repeated substantial understatements. Specific items of income were regularly omitted. Petitioner’s books were totally inadequate to constitute a true record of his receipts, and petitioner, an outstandingly successful physician, must have known it. The bulk of his fees was received in cash, and on occasion he expended in cash what would normally be paid by check. Pie made material misstatements to the revenue agent. And unlike the physician in Wiseley v. Commissioner, (C. A. 6) 185 F. 2d 263, his own testimony shows that he was not so busy with his medical practice as to have been unable to consider his income tax liability or take the necessary steps to insure the proper reporting of his receipts. On the whole record we have concluded that respondent has adequately sustained his burden of proving that some part of the deficiencies for each of the years in issue was the result of the willful and fraudulent action of petitioner with intent to evade the taxes properly payable. Petitioners contend that the first system of accounts established for the medical practice was set up by a former revenue agent named Spilker. Petitioner testified that Spilker was recommended to him by employees of respondent. In this connection a revenue agent named Kinsella was mentioned. He was called by respondent and denied petitioner’s statement. In the course of his cross-examination, petitioner’s counsel demanded the production of a statement given by Kinsella during an investigation conducted by the Internal Revenue Service. Upon respondent’s failure to produce the statement referred to, petitioner’s counsel orally moved to strike Kinsella’s testimony in reliance upon Jencks v. United States, 353 U. S. 657. See 18 U. S. C., sec. 3500. This motion was taken under advisement. We find it unnecessary to pass upon the motion because in our view the testimony of Kinsella is totally immaterial. As respondent himself points out, “the testimony of witness Kinsella in and of itself is not decisive.” The only evidence of any involvement of Kinsella is petitioner’s own statement. As we shall subsequently have occasion to point out, we view petitioner’s testimony as unworthy of belief. Spilker, the bookkeeper in question, had died prior to the hearing and no statement from him appears in the record. Under the circumstances, it was wholly unnecessary for respondent to produce any rebuttal testimony in this respect, and it can do him no harm if Kinsella’s testimony is disregarded. For these reasons we find it unnecessary to pass upon the legal question involved or to determine whether under different circumstances th§ Jencks rule would require rejection of Kin-sella’s testimony. The record as a whole makes it clear that the employment of Spilker and his successor forms no ground for excusing petitioner’s conduct. Spilker was able to act for only a part of each of 2 years before he died. His successor chosen by petitioner was obviously inexperienced. The system, if it can be called such, of accounts could not possibly be effective without petitioner’s complete cooperation and information which he alone could furnish. This was not given to either bookkeeper. When the second one suggested a possible extension of his bookkeeping services, he was dismissed, and for most of the final year petitioner himself kept whatever records existed and prepared and filed his own return. Petitioner admittedly withheld from the bookkeepers information with respect to certain specific items, and since he collected almost all of his fees in cash, there was no way by which they could obtain correct figures for these items except from petitioner himself. We find nothing with respect to petitioner’s supposed bookkeeping assistance or the method of keeping his accounts which is other than entirely consistent with a fraudulent purpose to evade taxation. Petitioner’s contention that the deficiencies must be disapproved because respondent has not effectively demonstrated the correctness of the net worth computation and nondeductible expenses, cf. Phillips' Estate v. Commissioner, (C. A. 5) 246 F. 2d 209, must be rejected. The prima facie correctness of respondent’s determination as to the deficiencies must be overcome by some kind of admissible and credible evidence. Leonard B. Willits, 36 B. T. A. 294, 300; John Kehoe, 34 B. T. A. 59, 70, affd. 309 U. S. 277. In this case, except for the items now conceded by respondent, only the acceptance of petitioner’s testimony [3] could accomplish that purpose. But we are unable to place any reliance upon the petitioner as a witness, partly because of his statements and demeanor on the stand and also because of his previous conviction of a felony. Lillian Kilpatrick, 22 T. C. 446, affd. (C. A. 5) 227 F. 2d 240. Without resorting to petitioner’s testimony there is nothing to cast any real doubt upon the amount of the deficiencies determined. They must accordingly, except for respondent’s concessions, be sustained. Finally, for the year 1950 respondent has determined deficiencies in additions to tax under sections 294 (d) (1) (A) and 294 (d) (2) for failure to file declaration of estimated tax and for substantial underestimation. Petitioners have offered no independent evidence on this point, and no discussion of it is contained in their brief. We regard it as having been abandoned. Imposition of both additions is permissible even though they derive from the same act of omission. Patchen v. Commissioner, (C. A. 5) 258 F. 2d 544, affirming 27 T. C. 592; Walter H. Kaltreider, 28 T. C. 121, affd. (C. A. 3) 255 F. 2d 833; G. E. Fuller, 20 T. C. 308, affirmed on other grounds (C. A. 10) 213 F. 2d 102. But cf. Acker v. Commissioner, (C. A. 6) 258 F. 2d 568, reversing a Memorandum Opinion of this Court on that ground; Erwin v. Granquist, (D. Ore., May 10, 1957) - F. Supp. -, affirmed on other grounds (C. A. 9) 253 F. 2d 26; Barnwell v. United States, (E. D. S. C.) 164 F. Supp. 430; Owen v. United States, (D. Neb.) 134 F. Supp. 31; Stenzel v. United States, (N. D. Cal.) 150 F. Supp. 364; Jones v. Wood, (D. Ariz.) 151 F. Supp. 678. In order to take into account certain concessions by respondent, Decision will be entered u/nder Bule 50. “Petitioner contends that upon the entire record of this case a finding of any additional taxes must be based upon * * * at the most * * * a net worth analysis * * * which * * * concluded that at most Petitioner’s unreported net income amounted to the following: 1949 _ $8, 035. 78 1950 _ 15,056.78 1951 _ 8, 857. 66 Total unreported net income_$31, 950. 22 Upon which additional taxes in the amount of $10,901.20 are owing.” (Petitioner’s main brief.) “Petitioner here has gone farther perhaps than necessary in demonstrating that under a reasonably correct net worth determination he would owe some $10,901.20 in additional taxes * * *” (Petitioners’ reply brief). “As the Tax Court very well puts It in Its opinion, ‘as evidenced by the amounts of income which petitioner earned, he was a man of considerable business acumen and one of more than average intelligence. He offered no plausible explanation which would tend to excuse his failure to report the large sums of income which he in fact received. The amounts by which he understated his income are too large and such understatements occurred consistently over too long a period of time for us on this record to believe that they were due to anything other than a deliberately fraudulent attempt to evade taxes. In addition to taxpayer’s consistently large understatement of income, we believe that his method of reporting income was a deliberate attempt to conceal the true amount thereof. * * *” Woodham v. Commissioner, (C. A. 5, June 5, 1958), 256 F. 2d 201. Petitioner’s wife and son were not called by him. as corroborating witnesses although references to them appear in his testimony. See Wichita Terminal Elevator Co., 6 T. C. 1158, affd. (C. A. 10) 162 F. 2d 513.