WALTER L. CHURCH AND ESTATE OF ELINOR F. CHURCH, DECEASED, WALTER L. CHURCH, JR., EXECUTOR, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Church v. Commissioner
Docket Nos. 7682-74, 6206-76, 10990-76.
United States Tax Court
T.C. Memo 1978-295; 1978 Tax Ct. Memo LEXIS 219; 37 T.C.M. (CCH) 1236; T.C.M. (RIA) 78295; July 31, 1978, Filed Stephen J. Oppenheim and Morris J. Oppenheim, for the petitioners. William M. Gross, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in Federal income taxes and fraud penalties as follows: Docket
Addition to tax No.
Year
Deficiency
under sec. 6653(b) [1]
Total
7682-74
u967
$ 4,787.92
$ 2,393.96
$ 7,181.88
10990-76
1968
9,042.00
4,521.00
13,563.00
6206-76
1969
8,764.32
4,382.16
13,146.48
TOTAL
$ 22,594.24
$ 11,297.12
$ 33,891.36
The questions remaining for decision are as follows: (1) Whether any part of the underpayment of taxes for the taxable years involved in the proceeding *221 is due to fraud (within the meaning of section 6653(b)) on the part of petitioner, Walter L. Church. (2) Whether Elinor F. Church qualifies as an innocent spouse. (3) Whether the basis of the 900 gift shares of Avon Products, Inc., not reported in the 1967 Federal gift tax return filed for Anna Mae Corson should be increased for the unpaid gift tax liability which should have been reported in the return. (4) Whether petitioners are estopped from claiming the basis of the shares sold by Walter L. and Elinor F. Church after Anna Mae Corson's death is the fair market value on the date of Anna Mae Corson's death or the basis in the hands of Anna Mae Corson. (5) Whether the notices of deficiency to Elinor F. Church's estate for 1967 and 1968 and to Walter L. Church for 1968 are valid. (6) Whether Walter L. Church is estopped from denying liability of the fraud penalty for 1968. (7) Whether the statute of limitations is a bar to the assessment of deficiencies for all the years in issue. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of the *222 filing of the petition herein, petitioners Walter L. Church and Walter L. Church, Jr., Executor of the Estate of Elinor F. Church, Deceased, resided in Neptune, New Jersey. During the years in issue, Walter L. and Elinor F. Church filed joint Federal income tax returns with the appropriate office of the Internal Revenue. Elinor F. Church died on May 7, 1973, and petitioner Walter L. Church, Jr., is the executor of her estate, having been appointed as such by the Monmouth County Surrogate's Court on May 22, 1973. Anna Mae Corson was Walter L. Church's aunt. On November 5, 1965, Anna Mae Corson named Walter L. Church her attorney in fact by a power of attorney. The power of attorney remained in effect until her death on May 27, 1968. Acting under the authority of his power of attorney, Walter L. Church signed and filed a Federal income tax return and a Federal gift tax return for the taxable year 1967 for Anna Mae Corson. As executor, he signed and filed a 1968 Federal income tax return for her and a Federal estate tax return for her estate. J. Scott Peters, C.P.A., prepared all the returns involved herein, except the estate tax return for the Corson estate. On January 1, 1967, Anna *223 Mae Corson owned 2,616 shares of common stock in Avon products, Inc. These shares were derived by way of stock splits and stock dividends from 60 shares she acquired in 1948. Anna Mae Corson's basis in the Avon shares was $ 4.00 per share at the time of the gifts hereinafter described. The fair market value of the Avon shares on the date of Anna Mae Corson's death was $ 137.50 per share. Anna Mae Corson made a gift to Elinor F. Church of 1,244 shares of Avon stock; 500 on May 11, 1967, and 744 on November 16, 1967. Elinor F. Church retained title to 144 shares and transferred the remaining 1,100 shares to her and her husband, jointly. Walter L. Church completed these transactions under the authority of the aforementioned power of attorney. The 1967 Federal gift tax return, filed by Walter L. Church for Anna Mae Corson, failed to report 900 of the 1,244 Avon shares given to Elinor F. Church and contained false information regarding the acquisition date of the 344 shares reported. Acting under the authority of his power of attorney, Walter L. Church sold 100 shares of Avon stock, registered in the name of Anna Mae Corson, on April 10, 1967. The net proceeds in the amount *224 of $ 9,895.85 were transferred to Elinor F. Church. Walter L. Church reported the sale of the 100 shares on Anna Mae Corson's Federal income tax return for the taxable year 1967. On or about January 19, 1968, 272 shares of Avon stock registered in the name of Anna Mae Corson were sold by Walter L. Church, and of the net proceeds of $ 34,800.60, $ 1,000.00 was deposited in Anna Mae Corson's bank account; $ 2,000.00 was placed in trust for his children and the balance of approximately $ 32,000.00 was transferred by Walter L. Church to himself and his wife. Walter L. Church did not file a Federal gift tax return for the taxable year 1968 for Anna Mae Corson. Although he filed a Federal income tax return for the taxable year 1968 for Anna Mae Corson, he did not report the sale of the 272 Avon shares. In reporting transfers made by Anna Mae Corson within three years of her death on her Federal estate tax return, Walter L. Church omitted the 1967 gift of 900 Avon shares. During the years 1967 to 1969, inclusive, Walter L. Church sold 1,244 shares of the Avon stock, and of the total sold, reported the sale of 300 shares on the dates set forth below: Shares Sold
Shares Reported
No. of
Net Sales
No. of
Net Sales Date
Shares
Price
Shares
Price
5/19/67
100
$ 9,933.31 $ 7/18/67
100
10,869.85
11/13/67
100
12,068.62
12/1/67
44
5,543.09
2/21/68
100
12,168.52
5/2/68
200
27,758.56
8/19/68
100
1 2,568.11
10/31/68
100
13,042.63
2/11/69
100
13,392.00
100
13,392.00
3/24/69
100
13,766.89
5/1/69
200
29,331.95
200
29,332.00
TOTAL
1,244
$ 160,443.53
300
$ 42,724.00
*225 Although Walter L. Church reported the sale of the 300 of the 400 Avon shares during the taxable year 1969, in his return for that year, he failed to report the executor's fee of $ 5,250.00 he received from the Corson estate during that year. Walter L. Church was indicted and convicted of violation of section 7206(1) for the falsity of Anna Mae Corson's 1968 Federal income tax return, namely, the omission of the sale of 272 shares of Avon. Walter L. Church personally handled the sale and the gifts of the proceeds to himself and his family. He was indicted and convicted of violation of section 7203 for failing to file a gift tax return for Anna Mae Corson for the taxable year 1967. Walter L. Church was indicted and convicted of violation of section 7201 for filing a false and fraudulent income tax return on behalf of himself and his wife for the 1968 taxable year. Respondent issued the statutory notices addressed and dated as follows: Date
Year
Docket No.
6/19/74
1967
7682-74
Mr. Walter L. Church
and Mrs. Elinor F.
Church
16 Harvard Lane *
Neptune, NJ 07753
4/15/76
1969
6206-76
Mr. Walter L. Church,
Surviving Husband, Estate
of Elinor F. Church,
Deceased, Mr. Walter L.
Church, Jr., Executor
330 North Riverside Drive
Neptune, NJ 07753
10/8/76
1968
10990-76
Walter L. Church, Surviving
Spouse, and Estate of
Elinor F. Church, Deceased
16 Harvard Lane *
Neptune, NJ 07753
*226 Prior to the issuance of the 1967 statutory notice, Walter L. Church moved from 16 Harvard Lane, Neptune, New Jersey, to the residence of his son, Walter, Jr., at 330 North Riverside Drive, Neptune, New Jersey. Petitioners did not send formal notification to respondent notifying him of Walter L. Church's change of address. Respondent determined that petitioners filed false and fraudulent income tax returns with intent to evade taxes in each of the taxable years 1967 through 1969, inclusive. Petitioners omitted from their Federal income tax return $ 18,929.00 received from the sale of 344 shares of Avon stock and dividends from the stock with the intent to commit fraud within the meaning of section 6653(b) during the taxable year 1967. Petitioners omitted from their Federal income tax return $ 31,768.91 received from the sale of 500 shares of Avon stock with the intent to commit fraud within the meaning of section 6653(b) during the taxable year 1968. Petitioners omitted from their Federal income tax return $ 22,519.06 from the sale of 400 shares of Avon stock and $ 5,250 in executor's fees during the taxable *227 year 1969. These omissions were made with the intent to commit fraud within the meaning of section 6653(b). OPINION Walter L. Church held a power of attorney for Anna Mae Corson. In 1967, Walter L. and Elinor F. Church received 1,244 shares of Avon stock as a gift from Anna Mae Corson. Walter L. Church, as attorney in fact, executed the necessary documents to complete the transaction. Elinor F. Church transferred title to 1,100 of the shares to her husband and herself as joint tenants. Walter L. and Elinor F. Church sold the Avon shares during 1967, 1968 and 1969. Walter L. Church did not report any sales of Avon stock on his joint return for the taxable years 1967 and 1968, and omitted 100 of the 400 shares sold from his return for the taxable year 1969. Walter L. Church was also the executor of Anna Mae Corson's estate and received an executor's fee of $ 5,250 in 1969, which he failed to report in that tax return. Walter L. Church failed to report 900 of the 1,244 Avon shares Anna Mae Corson gave to Elinor in 1967 in the gift tax return he filed for Anna Mae Corson for that year. In addition to the omission of 900 of the 1,244 gift shares, the gift tax return contained *228 false information in regards to the 344 shares which were reported. In reporting transfers made by Anna Mae Corson within three years of her death for estate tax purposes, Walter L. Church omitted the 1967 gift of 900 Avon shares. Respondent contends that Walter L. Church committed fraud within the meaning of section 6653(b) in failing to report substantial amounts of taxable income in all three of the years in issue. Respondent further contends that Elinor F. Church does not qualify as an innocent spouse. With respect to the issue of fraud on the part of petitioner and his spouse, the burden of proof is on the respondent, and such proof must be clear and convicing. Section 7454(a); Kreps v. Commissioner,351 F.2d 1 (2nd Cir. 1965), affg. 42 T.C. 660 (1964); Rule 142, Tax Court Rules of Practice and Procedure. The record clearly indicates a pattern of omission of taxable income for each of the years in issue. This is evidenced not only in his failure to report the sales of the Avon stock, but also in the failure to report the dividends received *229 thereon and the executor's fee received from Anna Mae Corson's estate. This Court has held that a pattern of consistent and substantial understatements of taxable income is such strong proof of fraud to meet the "clear and convincing evidence" test in and of itself. Bilsky v. Commissioner,31 T.C. 35 (1958). The omissions of taxable income were substantial and consistent as shown in the following schedule: Omitted
Reported Year
Taxable Income
Taxable Income
1967
$ 18,929.00
$ 3,520.00
1968
31,768.91
none
1969
27,769.06
2,874.00
Walter L. Church did not offer any credible excuse for the omissions of income. The Court cannot place much credence in petitioner's self-serving testimony that the preparer of the returns was given all the necessary records of all income received and unilaterally omitted the income. Furthermore, Walter L. Church is estopped from denying liability for fraud in the calendar year 1968 because of his conviction of violating section 7201 by filing a false and fraudulent Federal income tax return for 1968. *230 Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358 (4th Cir. 1965). Based on the pattern of substantial omission of taxable income and petitioner's lack of any credible evidence for the omissions, the Court must sustain respondent's determination that the petitioner, Walter L. Church, omitted income with the intent to commit fraud within the meaning of section 6653(b). Since the Court has found that the Federal income tax returns for all the years in issue were fraudulent, the statute of limitations does not bar assessment and collection of deficiencies for those years. Section 6501(c)(1). Walter L. Church contends that the statutory notices for 1967 and 1968 are invalid. After his wife's death, but prior to the issuance of the first of the three statutory notices involved in this case, Walter moved from 16 Harvard Lane, Neptune, New Jersey, the address shown on the Church's joint returns for all of the years in issue, to 330 North Riverside Drive, Neptune, New Jersey, which was the home of his son, Walter L. Church, Jr., who was also the executor of Elinor's estate. Petitioners maintain that the notice of fiduciary relationship, giving *231 Walter L. Church, Jr.'s correct address was timely filed. Respondent's files do not have a record of such notice having been filed. The 1969 statutory notice was sent to the Riverside Drive address. Its validity is not in issue. The statutory notices for 1967 and 1968 were sent to 16 Harvard Lane, Neptune, New Jersey. As a result of these facts, Walter L. Church has taken the position that the statutory notice for 1968 was invalid as to him. Based on his position that a Form 56 was timely filed, the executor of Elinor F. Church's estate maintains that the notices for both 1967 and 1968 are invalid as to Elinor F. Church's estate. The Court cannot sustain petitioners' position. A statutory notice sent to other than the "last known address" which is received by the taxpayer in time for him to file a timely petition satisfies the statutory requirements. See Brzezinski v. Commissioner,23 T.C. 192, 195 (1954). Congress was primarily concerned with giving the taxpayer ample notice to file a timely petition. Therefore, when, as in this case, timely petitions were *232 filed, it is obvious that sufficient notice was received. Brzezinski,supra, at 195. The controlling factor is that petitioners were not prejudiced in any way which reduces the matter to one of inconsequential error. Clodfelter v. Commissioner,57 T.C. 102, 107 (1971), affd. 527 F.2d 754 (9th Cir. 1975), cert. denied 425 U.S. 979, 96 Sup. Ct. 2184 (1976). Petitioners argue that the basis of the gift shares of Avon Products, Inc., should be increased for gift taxes which should have been reported and paid on the 1,244 shares. Section 1015(d)(1)(A) provides as follows: (d) Increased Basis for Gift Tax Paid.-- (1) In General.--If-- (A) the property is acquired by gift on or after September 2, 1958, the basis shall be the basis determined under subsection (a), increased (but not above the fair market value of the property at the time of the gift) by the amount of gift tax paid with respect to such gift, * * * Of the 1,244 Avon shares given to Walter L. and Elinor F. Church, 344 were reported for gift tax purposes and the gift *233 tax paid by Anna Mae Corson on the transfer was $ 565.63. This adjustment was taken into account in determining the agreed basis of $ 4.00 per share for the 344 shares reported as a gift. Neither the statute nor the regulations provide that the basis of property acquired by gift be increased by unpaid gift taxes. Accordingly, the basis of the Avon Products, Inc., should not be increased for unpaid gift taxes. There is no dispute that the basis for determining gain on the sale of the gift shares sold prior to Anna Mae Corson's death is $ 4.00 per share. However, as to the shares sold after Anna Mae Corson's death, petitioners claim their basis is the fair market value on the date of Anna Mae Corson's death. Walter L. Church, as executor of Anna Mae Corson's estate, took the position that the gifts were not made in contemplation of death, and therefore, he did not include the value of any of the 1,244 gift shares as an asset of the decedent in the Corson estate tax return. Unless the estate tax return was fraudulent, the statute of limitations bars assessment of deficiencies against *234 the estate. Respondent seeks to invoke the doctrines of "quasi estoppel" and "duty of consistency" to preclude petitioners from now claiming the higher basis. Taxpayer is under a duty of consistency. See Beltzer v. United States,495 F.2d 211 (8h Cir. 1974). Taxpayer reported the item for tax purposes in one year, the Commissioner acquiesced in or relied on the fact for that year and the taxpayer now desires to change the representation previously made after the statute of limitations on assessments bars adjustments for the initial tax year. Walter L. Church not only signed the estate tax return, as executor, he submitted an affidavit with the estate tax return specifically representing that the gifts were not in contemplation of death. Accordingly, the Court cannot sustain petitioners' position that the stock was an asset of the estate. The Court must also sustain respondent with respect to the issue of whether Elinor F. Church qualifies as an innocent spouse. In order for Elinor F. Church to be entitled to innocent spouse treatment, petitioners must prove that *235 she had no knowledge of the omissions and had no reasons to know of the omissions. Section 6013(e)(1)(B). Petitioners produced no evidence that Elinor F. Church had received an executor's fee. Petitioners must also show the Court that it would be inequitable to hold Elinor F. Church's estate liable for the deficiencies based on all of the facts and circumstances and taking into account whether Elinor F. Church significantly benefited. Section 6013(e)(1)(C). The record clearly shows that Elinor F. Church did benefit. Substantial amounts of money were spent for improvements to the family residence, for a swimming pool, automobiles and vacations. Walter L. Church testified that they had little or no savings and were in debt prior to 1967. In addition to other assets, Elinor F. Church had $ 17,500.00 in her personal savings account at her death in 1973. Accordingly, it is clear that Elinor F. Church does not qualify as an innocent spouse. Decisions will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
*. The address on Walter and Elinor's income tax return.↩